UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOBY SCHULTZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG,<br><br>    Defendant. | Case No. 3:12-cv-00058-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

The Court has before it plaintiffs' motion for a temporary restraining order and preliminary injunction. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part and deny it in part.

### BACKGROUND

Plaintiffs Toby Schultz, Breann Mullic, and Caleb Hall are developmentally disabled adults, represented in this action by their legal guardians. Plaintiffs are all residents of Idaho and rely on Idaho's Medicaid program for their treatment and care. In their underlying claim, plaintiffs allege that Defendant Richard Armstrong, in his official capacity as director of the Idaho Department of Health and Welfare, unlawfully reduced

**Memorandum Decision and Order - 1**

their 2012-2013 treatment budget without providing notice of the methodology used to calculate their budgets, in violation of the Medicaid Act and the Due Process Clause of the Fourteenth Amendment. The Amended Complaint proposes class certification for "a class consisting of all Idaho residents currently receiving benefits or who received benefits within the past two years under Idaho's Medicaid program that are subject to individual budget determinations made by the Idaho Department of Health and Welfare." *See Amended Complaint (Dkt. No. 9) at ¶ 16.*

The State of Idaho participates in Medicaid and is required, in order to receive federal reimbursement, to comply with certain requirements set forth in the Medicaid Act. 42 U.S.C. §§ 1396–1396w-5.  Idaho, through an application to the U.S. Department of Health and Human Services, has applied for and received a waiver allowing qualified disabled Medicaid applicants to opt for self-directed personal assistance services. Plaintiffs all participate in the Idaho Developmental Disabilities Waiver ("DD Waiver"), a program authorized by Medicaid that is intended to place the disabled in home-based care rather in institutions.

Plaintiffs each receive services through the DD Waiver.  Plaintiffs allege that Idaho notified each of them that their treatment budgets for the 2012-2013 treatment plan year would be significantly reduced.  The budget reductions ranged from ten to fifteen percent below plaintiffs' 2011-2012 budgets.  *See Declaration of Jana Schulz (Dkt. No. 4-2) at ¶ 11.*  Pursuant to a longstanding policy, Idaho's notice to plaintiffs informing them of their 2012-13 budget did not disclose the method the State used to calculate their

individual budgets or state any reason for the reductions.

Each plaintiff administratively appealed their 2012-13 treatment year budget.  Ms. Mullic's and Mr. Hall's appeals were denied.  Mr. Schultz's appeal was pending at the time the Amended Complaint was filed.  Ms. Mullic's denial decision informed her that the administrative "Hearing Officer possesses no authority to review the Department [of Health and Welfare's] [budget setting] methodology." *Id.* at ¶ 17.

On February 8, 2012, plaintiff Toby Schulz filed this action, and plaintiffs Hall and Mullic were added later.  Pursuant to 42 U.S.C. § 1983, the complaint asserts that Idaho Department of Health and Welfare's (IDHW's) unexplained reduction in Medicaid funds violates the requirements of Medicaid and divests the recipients of a property benefit without due process of law.  The complaint also asserts that IDHW's policy of "setting . . . individual budgets pursuant to secret methodology" is unlawful because it is preempted by the Medicaid Act.  It requests preliminary and permanent injunctive relief.

The motion currently before the Court seeks to "enjoin Defendant Richard Armstrong from . . . continuing any Medicaid benefit reductions occurring or that have occurred as a result of the Idaho Department of Health and Welfare's implementation or use of its individualized budget setting methodology." *See TRO Motion (Dkt. No. 4) at p. 1.* The Motion is related to similar litigation pending before the Court, *K.W. v. Armstrong*, 1:12-cv-00022-BLW.  In *K.W.*, twelve disabled individuals, each receiving assistance through the DD Waiver program, claim that the inadequately noticed reductions in their treatment budgets violate the Fourteenth Amendment and federal law.

 **Memorandum Decision and Order - 3**

After a hearing, on February 3, 2012, the Court entered a temporary restraining order enjoining the reductions. *See K.W. v. Armstrong, supra,* TRO (Dkt. No. 31) at pp. 1-2. The parties then stipulated to a preliminary injunction that was approved by the Court on March 12, 2012. *See K.W. v. Armstrong, supra,* Preliminary Injunction (Dkt. No. 41). The stipulated injunction prevents the defendants from reducing assistance to any of the *K.W.* plaintiffs without "adequate advance notice, approved by the Court." *Id.* at 2. The injunction also obliges the defendants to make available upon request, for any participant in the Idaho Medicaid Adult Developmental Disabilities program, a number of documents, including unaltered copies of the State's current and previous budget calculating tool spreadsheets and the inquiring participants actual budget calculation spreadsheets. *Id.* at 2-3.

In response to the *K.W.* litigation, IDHW asserts that it made permanent changes to its policy. First, IDHW revised the form used to notify Medicaid participants when their individual budgets are calculated. The revised notice informs recipients as follows:

> If requested, the Department will provide copies of the spreadsheets for calculating your budget for the upcoming year and prior years' budgets and an opportunity to inspect and copy all descriptions, reports, studies and other records concerning the Department's present and prior methodologies, models, tools, spreadsheets, memoranda, training manuals, instructions and other materials . . . that are in the custody . . . of the Department.

*See Yee-Wallace Declaration (Dkt. No. 13-1)* at p. 8. The form allows the recipient to check a box to request a copy of the "Individualized Budget Calculation tool" used from 2008 onward. *Id.* at 9. The form also states that recipients may administratively appeal

**Memorandum Decision and Order - 4**

their challenged budget on the ground that "[y]our individualized budget amount was calculated incorrectly based upon any issues you have with the budget calculating methodology used to calculate your budget." *Id.* at 8.

According to IDHW, as of March 5, 2012, the revised notice will be used on "a permanent going-forward basis." The revised notice has been or will be sent to all participants with a pending appeal of their plan of service or budget calculation, as long as they have not yet had an administrative hearing. *Id.* at 6. Apparently, a remedial revised notice will *not* be sent to those participants who did not challenge their most recent treatment plan, or who administratively appealed their treatment plan but have already had their hearing, although those individuals will receive the revised notice with their future budget calculations.

In the *K.W.* litigation, IDHW moved the Court to approve a variation of the revised notice that will be addressed to each of the individual plaintiffs in that action. The *K.W.* plaintiffs maintain that the revised notice is inadequate because, *inter alia*, it continues to lack an explanation for any budget reduction, it impermissibly limits the ground on which a participant may pursue an administrative appeal, and it is written in language that is not understandable by the recipient. The Court has just issued a decision denying that motion. The Court found that due process and case law required that any notice of reduction in budget must explain why the reduction was being made. The notice proposed by IDHW failed to contain that explanation.

With respect to the named plaintiffs in the instant action, IDHW asserts that it has

**Memorandum Decision and Order - 5**

sent the revised notice discussed above to each plaintiff.  Mr. Hall and Ms. Mullic have been provided a second administrative appeal, if they so choose, this time with access to the budget calculation methodology if they so desire.  Mr. Schultz's scheduled administrative appeal was still pending as of March 28, 2012, and the State sent him his revised notice on February 17, 2012.  Each of the named plaintiffs has had their 2011-2012 budget level restored pending their administrative appeal.

## LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish that: 1) it is likely to succeed on the merits; 2) it is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in its favor; and 4) an injunction is in the public interest.  *Reed v. Town of Gilbert*, 587 F.3d 966, 973-74 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  A preliminary injunction is "an extraordinary remedy never awarded as of right."  *Winter*, 555 U.S. at 24.  In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (internal quotation marks omitted)

## ANALYSIS

IDHW does not contest that plaintiffs, at the time they filed their motion, would have been entitled to injunctive relief.  Rather, the agency argues that its subsequent actions have provided plaintiffs the relief requested and mooted the motion.  In their reply, plaintiffs do not contest the adequacy of IDHW's revised notice with respect to the

named plaintiffs. Rather, they note that IDHW has failed to reinstate the 2011-2012 treatment budget for members of the prospective class and request injunctive relief on behalf of this prospective class. There are thus two issues before the Court: (1) whether IDHW's revised notice and changed policy moots the motion with respect to the named plaintiffs, and (2) whether the Court has authority to impose an injunction for the benefit of a putative class that has not been certified.

**Relief for Named Plaintiffs**

The Court first considers IDHW's claim that its policy changes moot the named plaintiffs' request for a preliminary injunction. The State points out that it restored the 2011-2012 treatments budgets for each of the named plaintiffs, at least for the moment, and that each plaintiff has received IDHW's revised notice, and will be allowed an administrative appeal in which they can contest the methodology and conclusion of their Individualized Budget Calculation tool.

However, in the *K.W.* case, the Court denied IDHW's motion to approve their proposed Notice because it failed to explain the reductions in budgets. The Notices in this case contained that same flaw. It would be anomalous to find this dispute mooted by a notice that has been found constitutionally insufficient in a companion case. Accordingly, the named plaintiffs are entitled to the same injunction that has been issued in the *K.W.* case. The Court will therefore grant the plaintiffs' motion as it applies to the named plaintiffs and direct counsel to immediately submit a form of injunction identical to that imposed in the *K.W.* case.

 Memorandum Decision and Order - 7

**Relief for Prospective Class**

Plaintiffs note that IDHW has not extended all of the relief afforded to the named plaintiffs to the prospective class.  IDHW responds that it has provided the revised notice to Medicaid applicants and participants from March 5, 2012, and will continued to do so on a "going-forward basis."  This means that those participants who received their 2012-2013 treatment budget prior to March 5 will not receive the revised notice until the State notifies them of their 2013-2014 treatment budget.  Further, though IDHW is permitting Ms. Mullic and Mr. Hall a second administrative appeal so that they will have the opportunity to dispute the State's budget methodology, the State is apparently not offering other participants with recently concluded appeals the same opportunity.  The revised notice is being sent to DD waiver program participants with an appeal pending, but only to those participants who have "*not yet had* [their] administrative hearing." *See State's Brief (Dkt. No. 13)* at p. 6 (emphasis added).  Finally, as plaintiffs emphasize, the State has apparently not reinstated the 2011-2012 treatment budget for the members of the prospective class.[1]  Plaintiffs thus contend that the Court can and should impose

---

[1]  There is some uncertainty, based on IDHW's brief, whether the agency has reinstated the 2011-2012 treatment budget for members of the prospective class.  IDHW observes, in a footnote, that "[i]t is notable that the Department has . . . in fact continued [the named Plaintiffs'] prior year budgets. The Department has extended the relief outlined in this memorandum to the Plaintiffs in this case as well as other Medicaid participants outlined herein, regardless of the status of their benefits." *See State's Brief (Dkt. No. 13)* at 11 n.4.  This insinuates that IDHW has "continued . . . prior year budgets" for "other Medicaid participants." However, IDHW's brief and attached affidavits do not clarify or offer factual support for this statement.  Plaintiffs state that "[t]o Plaintiffs' knowledge, no [individual other than the named Plaintiffs] who either failed to appeal a budget cut, or who had completed an unsuccessful appeal . . . has had their prior budget restored." *See Plaintiffs' Reply Brief (Dkt. No. 15)* at p. 2.

**Memorandum Decision and Order - 8**

injunctive relief requiring the State to restore 2011-2012 treatment funding levels to all members of the prospective class.

The Court concludes, however, that it lacks the authority to award injunctive relief to benefit only those who are not currently party to the action. The scope of injunctive relief must be narrowly tailored to the specific harms established by the plaintiffs. *Zepeda v. INS*, 753 F.2d 719, 728 n. 1 (9th Cir. 1983). Therefore, in general, "[w]ithout a properly certified class, a court cannot grant relief on a class-wide basis." *Id.* at 728 n.1. This limitation stems from the "general rule that a federal court may not attempt to determine the rights of persons not before the court." *Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987).

An exception to this general rule allows a court to extend an injunction to benefit persons other than the named parties in a lawsuit, "if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Id.* at 1170-71; *see also Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 618 F.3d 1066, 1084 (9th Cir. 2010) ("[A]n exception to the requirement of limiting relief to the parties applies when effective relief is otherwise unavailable"). The Ninth Circuit has applied this exception in instances where it is impossible or extremely impracticable to tailor injunctive relief to benefit only the named plaintiffs in a suit. For example, in *Bresgal* the Circuit upheld an injunction requiring the Secretary of Labor to enforce the Migrant and Seasonal Agricultural Worker Protection Act against forestry labor contractors nationwide. *Bresgal,* 843 F.2d at 1171. Though the plaintiffs were individual migrant

**Memorandum Decision and Order - 9**

laborers, there was no way to order enforcement of the Act only "against those contractors who have dealings with named plaintiffs." *Id*. Similarly, the court upheld a California-wide injunction requiring the California Highway Patrol to alter its ticketing policy for motorcycle helmet infractions. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501-02 (9th Cir. 1996). The court held that an injunction limited to the fourteen named parties in the case would not afford them complete relief because "it is unlikely that law enforcement officials . . . would inquire before citation into whether a motorcyclist was among the named plaintiffs." *Id.* at 1502.

Plaintiffs argue their claim fits within the *Bresgal* exception, but they overlook that relief may be extended to non-parties only when it is necessary to afford the named plaintiffs complete relief. *Bresgal*, 843 F.2d at 1170-71. Unlike *Bresgal*, a broad injunction requiring the State to restore an unknown number of individual treatment budgets to 2011-2012 levels is not necessary to give the named parties the full relief that they have requested. *See id.* at 1170. As plaintiffs acknowledge, IDHW has afforded the named plaintiffs individualized relief through reinstating their 2011-2012 budget and by allowing two plaintiffs to pursue a second administrative appeal. This fact demonstrates that relief in this case can be structured on an individual basis. And "[w]here relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown." *Id.* The Court therefore concludes that it lacks authority to issue injunctive relief solely to benefit individuals that are not at this time parties to the suit.

In their reply brief, plaintiffs do request that the Court grant preliminary class

**Memorandum Decision and Order - 10**

certification or streamline party joinder procedures, on the theory that an expansion of the plaintiff class will entitle plaintiffs to the requested relief.  Plaintiffs' request for this particular relief was not properly presented to the Court.  *See* Fed. R. Civ. P. 7(b) (request for court order must be made by motion stating "with particularity" grounds for seeking order); D. Idaho Local R. 7.1(b)(1) ("Each motion . . . must be accompanied by a separate brief.").  The Court cannot certify a plaintiff class or alter joinder procedures without a proper motion and the benefit of briefing from the parties.

## CONCLUSION

With respect to the named plaintiffs, the Court will grant the motion for injunctive relief.  With respect to the putative class, the Court lacks authority to enjoin IDHW on behalf of those not currently party to the suit.  The Court will therefore grant in part and deny in part the plaintiffs' motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (docket no. 4) is GRANTED IN PART AND DENIED IN PART.  The motion is granted as to the named plaintiffs but denied at this time as to the prospective members of the class that has not yet been certified.

IT IS FURTHER ORDERED, that plaintiffs shall submit a proposed preliminary injunction order identical to that issued in *K.W. v. Armstrong, CV-12-22-BLW*.



DATED: **August 2, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 12**